FILED
Nov. 21, 2019
Clerk, U.S. District Court
District of Montana
Great Falls Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-55-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| MELINDA MARIE DESCHARM, | |
| Defendant. | |

## I. Synopsis

Defendant Melinda Marie Descharm (Descharm) has been accused of violating the conditions of her supervised release. Descharm has admitted all of the alleged violations, except two. Descharm denied alleged violations 4 and 7. The government did not attempt to prove alleged violations 4 and 7. Descharm's supervised release should be revoked. Descharm should be placed in custody for 5 months, with 12 months of supervised release to follow. Descharm should serve her term of custody at a facility close to Montana. Descharm should serve the first 60 days of supervised release at the Passages inpatient drug treatment facility in Billings, Montana.

## II. Status

Descharm pleaded guilty to Theft from an Indian Gaming Establishment on September 10, 2014. (Doc. 26). The Court sentenced Descharm to a custodial sentence of time served, followed by 3 years of supervised release. (Doc. 43). Descharm's current term of supervised release began on May 3, 2019. (Doc. 143 at 2).

**Petition**

The United States Probation Office filed a Second Amended Petition on November 20, 2019, requesting that the Court revoke Descharm's supervised release. (Doc. 143). The Second Amended Petition alleged that Descharm violated the conditions of her supervised release: 1) by failing to notify her probation officer of a change in employment; 2) by failing to report to her probation officer as directed; 3) by failing to report for substance abuse treatment; 4) by using methamphetamine on three separate occasions; and 5) by failing to make monthly restitution payments.

**Initial appearance**

Descharm appeared before the undersigned for her initial appearance on the Second Amended Petition on November 20, 2019. Descharm was represented by counsel. Descharm stated that she had read the petition and that she understood

2

the allegations. Descharm waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on the Second Amended Petition on November 20, 2019. Descharm admitted that she had violated the conditions of his supervised release: 1) by failing to notify her probation officer of a change in employment; 2) by failing to report to her probation officer as directed; 3) by failing to report for substance abuse treatment; and 4) by using methamphetamine on three separate occasions. Descharm denied alleged violations 4 and 7. The government did not attempt to prove alleged violations 4 and 7. The violations that Descharm admitted are serious and warrant revocation of her supervised release.

Descharm's violations are Grade C violations. Descharm's criminal history category is III. Descharm's underlying offense is a Class C felony. Descharm could be incarcerated for up to 24 months. Descharm could be ordered to remain on supervised release for up to 12 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Descharm's supervised release should be revoked. Descharm should be

incarcerated for 5 months, with 12 months of supervised release to follow. Descharm should serve her term of custody at a facility close to Montana. Descharm should serve the first 60 days of supervised release at the Passages inpatient drug treatment facility in Billings, Montana. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Descharm that the above sentence would be recommended to Judge Morris. The Court also informed Descharm of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Descharm that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Melinda Marie Descharm violated the conditions of her supervised release: by failing to notify her probation officer of a change in employment; by failing to report to her probation officer as directed; by failing to report for substance abuse treatment; and by using methamphetamine on three separate occasions.

The Court **RECOMMENDS:**

> That the District Court revoke Descharm's supervised release and

commit her to the custody of the United States Bureau of Prisons for a term of 5 months, with 12 months of supervised release to follow. Descharm should serve her term of custody at a facility close to Montana. Descharm should serve the first 60 days of supervised release at the Passages inpatient drug treatment facility in Billings, Montana.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 21st day of November, 2019.

John Johnston
United States Magistrate Judge